IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re:<br>**Alan Bailey Rose,**<br>**Robert Cruz Baker Rose,**<br><br>     Debtors. | Case No.: 20-11106-KHT<br><br>Chapter (7) |
| **Carvana, LLC**<br><br>v.<br><br>**Alan Bailey Rose, Robert Cruz Baker Rose, Debtors; and Kevin P. Kubie, Trustee** | Judge Kimberley H. Tyson |

**MOTION OF CARVANA, LLC FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. §362(D)(1) AS IT RELATES TO THE PERSONAL PROPERTY 2010 FORD FUSION HY VIN# 3FADP0L39AR149498**

Secured Creditor Carvana, LLC ("Movant"), through its counsel, Ghidotti Berger, LLP, hereby moves (this "Motion") the Court for an order terminating the automatic stay under 11 U.S.C. §362(a) of the United States Bankruptcy Code, and 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"), as to Movant so that it may proceed under applicable non-bankruptcy law to enforce its rights and remedies against the personal property 2010 FORD FUSION HY VIN# 3FADP0L39AR149498 (the "Property").

1. Movant is a secured creditor of Alan Bailey Rose (the "Debtor').

2. The Debtors filed their Chapter 7 bankruptcy petition on February 19, 2020.

3. Kevin P. Kubie (the "Trustee") was appointed and is currently acting as the Chapter 7 Trustee in Debtor's bankruptcy case.

4. The Property that is the subject of this Motion is personal property 2010 FORD FUSION HY VIN# 3FADP0L39AR149498 (the "Property").

5. As set forth in the affidavit attached hereto as **Exhibit "1"** pursuant to local rule 4002-2(c), the Debtors are not in the military service.

6. On or about August 27, 2019, the Debtor executed and delivered to Carvana, LLC ("Original Lender") a Contract in the principal sum of $8,988.70 (the "Contract").  A true and correct copy of the Contract is attached hereto as **Exhibit "2"**.

7. All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2010 FORD FUSION HY VIN# 3FADP0L39AR149498 ("Vehicle") as evidenced by a Vehicle Certified of Title ("Title") naming Movant as the legal owner thereof.  A copy of the Title is attached hereto as **Exhibit "3"**.

8. Debtor executed a Contract.  The Contract is either made payable to Movant or its affiliates.

9. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose, if necessary.

10. Pursuant the Debtor's filed schedules A/B, the value of the Property is $5,229.00. A copy of schedules A/B is attached hereto as **Exhibit "4"**.

11. As of June 23, 2020, the outstanding Obligations under the Contract total $8,857.45. The last payment received was on March11, 2020, which made the account due for the March 27, 2020 payment.

12. Pursuant to 11 U.S.C. §362(d)(1), Movant requests that the Court terminate the automatic stay provision of 11 U.S.C. §362(a) to allow it to exercise any and all of its non-bankruptcy rights in and to the Property, including but not limited to, commencing or completing the non-judicial foreclosure of its lien on the property.

13. Section 362(d)(1) provides as follows:

    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

    > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

14. The Bankruptcy Code does not define "cause" within the meaning of the statute and must be determined on a case by case basis.  See *in re Jewett*, 146 B.R. 250, 251 (9th Cir. BAP 1992) ("the question of whether cause exists for relief form the automatic stay must be determined on a case by case basis in the bankruptcy court's discretion.").  However, 11 U.S.C. §362(d)(1) specifically identifies lack o adequate protection as "cause" for relief from the automatic stay.  See *Sun Valley Ranches, Inc. v. Equitable Life Assurance Society of the United States (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1375 (9th Cir. 1987).

15. The Debtor has failed to make payments as due pursuant to the terms of the Contract. Movant is not adequately protected and relief from stay is warranted.

16. Furthermore, pursuant to 11 USC §362(d)(1), Movant requests that the Court terminate the automatic stay of 11 U.S.C. §362(a) as there is no equity in the Property and the Property is not necessary for effective reorganization.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that the Court enter an Order terminating the automatic stay under 11 U.S.C. §362(a) of the Bankruptcy Code as to the Movant to allow it to proceed with its non-bankruptcy remedies against the Property, and provide Movant any further relief the Court deems just and appropriate.

Dated this 24th Day of June, 2020         Ghidotti Berger, LLP

**By: /s/ L. Bryant Jaquez**
L. Bryant Jaquez, CA Bar Number 252125
1920 Old Tustin Ave.
Santa Ana, CA  92705
Tel: (949) 427-2010
Fax:  (949) 427-2732
Email: bknotifications@ghidottiberger.com
Attorneys for Movant

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **In Re:**<br>**Alan Bailey Rose,**<br>**Robert Cruz Baker Rose,**<br><br>**Debtors.** | **Case No.: 20-11106-KHT**<br><br>**Chapter (7)** |
| **Carvana, LLC**<br><br>**v.**<br><br>**Alan Bailey Rose, Robert Cruz Baker Rose, Debtors, and Kevin P. Kubie, Trustee** | **Judge Kimberley H. Tyson** |

## AFFIDAVIT REGARDING MILITARY SERVICE

I  Brandy Carroll, have personal knowledge of the matters set forth in this affidavit and, if called upon to testify, I could and would competently testify hereto.

1. I am a bankruptcy paralegal with the law firm of Ghidotti Berger, LLP and am primarily responsible for bankruptcy matters, including those related to Carvana, LLC ("Movant").

2. On June 24, 2020, I received confirmation that there is no information in the Department of Defense data center that indicates **Alan Bailey Rose** and **Robert Cruz Baker Rose** are currently on active duty. A true and correct copy of the confirmation is attached hereto.

Dated this 24th Day of June, 2020.

                                                 **By:    /s/ Brandy Carroll**
                                                 Brandy Carroll
                                                 GHIDOTTI BERGER, LLP

# Retail Installment Contract and Security Agreement

**Seller Name and Address**
CARVANA, LLC
1123 CANTRELL SANSOM RD
BLUE MOUND TX 76131-1411

**Buyer(s) Name(s) and Address(es)**
Alan Bailey Rose
1348 Wabash Ave
Pueblo CO 81004

**Summary**
No. _____
Date  08/27/19

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 700.00 |
|---|---|---|---|---|
| 21.00 % | $ 6,528.96 | $ 8,988.70 | $ 15,517.66 | $ 16,217.66 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 68 | $ 226.00 | monthly beginning 09/27/19 |
| 1 | $ 149.66 | 05/27/25 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of $15.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2010 | Ford | Fusion | Sedan | 3FADP0L39AR149498 | 73882 |

Other: N/A

☐ New
☒ Used
☐ Demo

## Description of Trade-In

| N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

## Conditional Delivery

☐ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: _____N/A_____
_____N/A_____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 8,988.70 plus finance charges accruing on the unpaid balance at the rate of 21.00 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ **Additional Charge.** You agree to pay an additional charge of $ _____N/A_____ that will be ☐ paid in cash. ☐ financed over the term of the Contract.

You agree that this fee will be refunded:
◆ To the extent that the total finance charge exceeds the amount permitted by law, if this Contract is prepaid.
◆ To the extent required by law if the Contract is refinanced or consolidated.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of $ _____N/A_____ if you pay this Contract in full before we have earned that much in finance charges.

**EXHIBIT "2"**

☒ **Apply Colorado UCCC.** Although the Colorado Uniform Consumer Credit Code (UCCC) may not otherwise apply, you and we agree to make this Contract subject to it, so that for purposes of the UCCC this is a consumer credit transaction, subject to the UCCC's terms, including permissible rates and charges.

## Itemization of Amount Financed

| | | |
|---|---|---|
| a. | **Cash Price** of Vehicle, etc. (incl. sales tax of $ 661.12 ) | $ 8,961.12 |
| b. | Trade-in allowance | $ 0.00 |
| c. | Less: Amount owing, paid to (includes k): N/A | $ N/A |
| d. | Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. | Cash payment | $ 700.00 |
| f. | Manufacturer's rebate | $ 0.00 |
| g. | Deferred down payment | $ 0.00 |
| h. | Other down payment (describe) N/A | $ N/A |
| i. | **Down Payment** (d+e+f+g+h) | $ 700.00 |
| j. | **Unpaid balance of Cash Price** (a-i) | $ 8,261.12 |
| k. | Financed trade-in balance (see line d) | $ 0.00 |
| l. | Paid to public officials, including filing fees | $ 309.00 |
| m. | Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. | Service Contract, paid to: N/A | $ N/A |
| o. | Delivery and handling fee* | $ N/A |
| p. | To: Transit Charge | $ 399.00 |
| q. | To: Inventory Tax | $ 19.58 |
| r. | To: N/A | $ N/A |
| s. | To: N/A | $ N/A |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: N/A | $ N/A |
| x. | To: N/A | $ N/A |
| y. | To: N/A | $ N/A |
| z. | **Total Other Charges/Amts Paid** (k thru y) | $ 727.58 |
| aa. | **Prepaid Finance Charge** | $ 0.00 |
| bb. | **Amount Financed** (j+z-aa) | $ 8,988.70 |

We may retain or receive a portion of any amounts paid to others.

\* This charge represents costs and additional profit to the Seller/dealer for items such as inspecting, cleaning, and adjusting new and used vehicles.

[This area intentionally left blank.]

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☐ None
Premium $ _N/A_  Term _N/A_
Insured _N/A_

**Credit Disability**
☐ Single  ☐ Joint  ☐ None
Premium $ _N/A_  Term _N/A_
Insured _N/A_

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _N/A_  _N/A_ DOB

By: _N/A_  _N/A_ DOB

By: _N/A_  _N/A_ DOB

**Property Insurance.** You must insure the Property. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ 1,000.00 . If you get insurance from or through us you will pay $ _N/A_ for _N/A_ of coverage.

This premium is calculated as follows:

☐ $ _N/A_  Deductible, Collision Cov.   $ _N/A_
☐ $ _N/A_  Deductible, Comprehensive  $ _N/A_
☐ Fire-Theft and Combined Additional Cov.  $ _N/A_
☐ _N/A_  $ _N/A_

**THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS /** ~~DOES NOT HAVE~~ **(STRIKE WORDS NOT APPLICABLE) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may furnish the required insurance either through existing policies of insurance owned or controlled by you or by procuring the equivalent insurance coverage through any insurance company reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _N/A_ for _N/A_ of coverage.

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term _N/A_ months
Price $ _N/A_
Coverage _N/A   N/A_

☐ **Gap Waiver or Gap Coverage**
Term _69_ months
Price $ _N/A_
Coverage _N/A_

☐ _N/A_
Term _N/A_
Price $ _N/A_
Coverage _N/A_

_[signature]_                                    08/27/19
By: Alan Bailey Rose                             Date

_N/A_                                            _N/A_
By:                                              Date

_N/A_                                            _N/A_
By:                                              Date

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full, or in part if the payment is not less than $5.00, at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Balloon Payment.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due at our prevailing rates if you meet our normal credit standards at that time. This right only applies in connection with consumer credit transactions and will not apply if we are not in the business of making such transactions. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $25.00.

**Governing Law and Interpretation.** This Contract is governed by the law of Colorado and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◆ You fail to perform any obligation that you have undertaken in this Contract.
◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default you agree to pay our reasonable costs for realizing on the collateral, and our reasonable attorneys' fees not in excess of 15% of the unpaid debt after default and referral to an attorney not a salaried employee of ours, or such other amount as may be approved by a court. (We cannot collect attorneys' fees for the preparation of a cure notice.)

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you default on this Contract, we may exercise the remedies provided by law and this Contract after we have given you any notice and opportunity to cure the default that the law requires. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so, provided we give you prior notice and a reasonable opportunity to perform. We are not required to make any such payments or repairs. You will repay us that amount when we tell you to do so. That amount will earn finance charges from the date we pay it at the rate described in the *Payment* section until paid in full.
◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not enter into a dwelling, use force or otherwise breach the peace.
◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

_[signature]_

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property, to the extent permitted by law. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this Contract are subject to all claims and defenses which the Buyer could assert against the Seller resulting from the Buyer's purchase of guaranteed automobile protection.

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

N/A                                          N/A
**By:**                                      **Date**
Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

☒ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

### Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: *[signature]* Alan Bailey Rose      Date: 08/27/19

By: N/A      Date: N/A

By: N/A      Date: N/A

**Notice to Buyer.** (1) Do not sign this Contract before you read it or if it contains any blank spaces (other than serial numbers or identifying marks unavailable at this time). (2) You are entitled to a completely filled-in copy of this Contract.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer**

By: *[signature]* Alan Bailey Rose      Date: 08/27/19

By: N/A      Date: N/A

By: N/A      Date: N/A

**Seller**

By: *[signature]* CARVANA, LLC      Date: 08/27/19

**Assignment.** This Contract and Security Agreement is assigned to N/A _____, the Assignee, phone N/A . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller**

By: N/A      Date

Retail Installment Contract-CO Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

BSSIMVLFLZCO 10/10/2015
Page 5 of 5



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | [redacted] |
| **Lienholder** | Carvana LLC |
| **Lienholder Address** | PO Box 29002<br>Phoenix, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 3FADP0L39AR149498 | **Issuance Date** | 10/9/2019 |
| **Title Number** | 2228302 | **Received Date** | 10/9/2019 |
| **Title State** | CO | **ELT/Paper** | ELECTRONIC |
| **Year** | 2010 | **Odometer Reading** | 73882 |
| **Make** | FORD | **Branding** | |
| **Model** | FUSION | | |

| | |
|---|---|
| **Owner 1** | ROSE, ALAN BAILEY |
| **Owner 2** | |
| **Owner Address** | PO BOX 29002<br>PHOENIX, AZ 850389002 |

**Printed:** Tuesday, June 23, 2020 8:18:17 AM PST

**EXHIBIT "3"**

| **Fill in this information to identify your case and this filing:** | | | |
|---|---|---|---|
| Debtor 1 | **Alan** | **Bailey** | **Rose** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Robert** | **Cruz Baker** | **Rose** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRIBT OF COLORADO | | |
| Case number | | | |

☐ Check if this is an amended filing

Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ■ No. Go to Part 2.
   ☐ Yes. Where is the property?

**Part 2:  Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☐ No
   ■ Yes

| 3.1 | Make: **Fiat** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. | |
|---|---|---|---|---|
| | Model: **500 L Trekking** | ☐ Debtor 1 only | | |
| | Year: **2014** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **77183** | ■ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | $6,567.00 | $6,567.00 |
| | vehicle is in good condition. value taken from KBB.com Location: 1348 Wabash Ave., Pueblo CO 81004 | ☐ Check if this is community property (see instructions) | | |

| 3.2 | Make: **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. | |
|---|---|---|---|---|
| | Model: **Fusion Hybrid** | ■ Debtor 1 only | | |
| | Year: **2010** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **81083** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | $5,229.00 | $5,229.00 |
| | vehicle is in good condition. value taken from KBB.com Location: 1348 Wabash Ave., Pueblo CO 81004 | ☐ Check if this is community property (see instructions) | | |

**EXHIBIT "4"**

| Debtor 1 | **Alan Bailey Rose** | |
|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here............=> **$11,796.00**

### Part 3: Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

   | king-size bed, dressers, lamps, sofas, entertainment center, kitchen table/chairs, refrigerator/freezer, washer/dryer, microwave, dishes, pots/pans, linens, lawnmower, cd's, dvd's, tapes/records, camera, drafting table, night stands, instapot, slow cookers, books, water dispenser, suitcases, kitchen island, vacuums, sewing machine, typewriter, outdoor smoker<br>**Location: 1348 Wabash Ave., Pueblo CO 81004** | $1,617.00 |
   |---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes. Describe.....

   | televisions, dvd player, laptops, tablet, stereo, cell phones, printers,<br>**Location: 1348 Wabash Ave., Pueblo CO 81004** | $1,875.00 |
   |---|---|

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☐ No
   ■ Yes. Describe.....

   | flute, tennis rackets<br>**Location: 1348 Wabash Ave., Pueblo CO 81004** | $50.00 |
   |---|---|

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

| Debtor 1 | **Alan Bailey Rose** | |
|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* |

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| | |
|---|---:|
| personal clothing including shoes and accessories<br>Location: 1348 Wabash Ave., Pueblo CO 81004 | **$50.00** |

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---:|
| debtor's personal collection of jewelry to include costume jewelry of earrings, necklaces, bracelets, watches and rings<br>Location: 1348 Wabash Ave., Pueblo CO 81004 | **$830.00** |

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe.....

| | |
|---|---:|
| 4 dogs and 1 cat<br>Location: 1348 Wabash Ave., Pueblo CO 81004 | **$0.00** |

### 14. Any other personal and household items you did not already list, including any health aids you did not list
■ No
☐ Yes. Give specific information.....

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ..............................................................................

**$4,422.00**

### Part 4: Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes............................................................................................................

### 17. Deposits of money
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes........................

| | | Institution name: | |
|---|---|---|---:|
| 17.1. | Checking | US Bank | **$0.00** |
| 17.2. | Checking | Chime | **$76.06** |
| 17.3. | Savings | ENT | **$26.21** |

| Debtor 1 | **Alan Bailey Rose** | | |
|---|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* | |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes................. Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes. Give specific information about them....................
    Name of entity: % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
    Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
    Type of account: Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ☐ No
    ■ Yes. ..................... Institution name or individual:

| **Security Deposit** | **Richard Brown** | $850.00 |
|---|---|---|

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

| Debtor 1 | **Alan Bailey Rose** | |
|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* _____ |

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    | Company name: | Beneficiary: | Surrender or refund value: |
    |---|---|---|

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.....................................................................................................**  **$952.27**

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ☐ No. Go to Part 6.
    ■ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
    ■ No
    ☐ Yes. Describe.....

| Debtor 1 | **Alan Bailey Rose** | | |
|---|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* | |

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
    ■ No
    ☐ Yes. Describe.....

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
    ☐ No
    ■ Yes. Describe.....

    | nail light, nail drill, rolling case with supplies<br>Location: 1348 Wabash Ave., Pueblo CO 81004 | $95.00 |
    |---|---|

41. **Inventory**
    ■ No
    ☐ Yes. Describe.....

42. **Interests in partnerships or joint ventures**
    ■ No
    ☐ Yes. Give specific information about them...................
    Name of entity:                                        % of ownership:

43. **Customer lists, mailing lists, or other compilations**
    ■ No.
    ☐ **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

    ■ No
    ☐ Yes. Describe.....

44. **Any business-related property you did not already list**
    ■ No
    ☐ Yes. Give specific information.........

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here.....................................................................................................................** | **$95.00**

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes. Go to line 47.

**Part 7:** Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here ...................................** | **$0.00**

| Debtor 1 | **Alan Bailey Rose** | | |
|---|---|---|---|
| Debtor 2 | **Robert Cruz Baker Rose** | Case number *(if known)* | |

**Part 8:** **List the Totals of Each Part of this Form**

| | | | | |
|---|---|---:|---|---:|
| 55. | **Part 1: Total real estate, line 2** .................................................................................................. | | | **$0.00** |
| 56. | **Part 2: Total vehicles, line 5** | **$11,796.00** | | |
| 57. | **Part 3: Total personal and household items, line 15** | **$4,422.00** | | |
| 58. | **Part 4: Total financial assets, line 36** | **$952.27** | | |
| 59. | **Part 5: Total business-related property, line 45** | **$95.00** | | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | | |
| 61. | **Part 7: Total other property not listed, line 54** | + **$0.00** | | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$17,265.27** | Copy personal property total | **$17,265.27** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | | **$17,265.27** |

| Fill in this information to identify your case | | | | | |
|---|---|---|---|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO | | | | | |
| Debtor 1: | Alan | Bailey | Rose | Case #: | 20-11106-KHT |
| | First Name | Middle Name | Last Name | | |
| Debtor 2: | Robert | Cruz Baker | Rose | Chapter: | 7 |
| | First Name | Middle Name | Last Name | | |

## Local Bankruptcy Form 4001-1.1
## Notice of Motion for Relief from Stay and Opportunity for Hearing
Complete applicable sections.

### Part 1  Objection Deadline

Objection deadline: **[July 21, 2020]**.

### Part 2  Notice

NOTICE IS HEREBY GIVEN that a Motion for Relief from Stay has been filed, a copy of which is attached hereto.

A hearing on the Motion has been has been set for **July 28, 2020,** at **10:00am** at the U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Courtroom **D**, Fifth Floor, Denver, Colorado 80202.  The hearing will be conducted in accordance with the provisions of L.B.R. 4001-1. Hearing will be held by telephone: 1-888-684-8852, access code 4168567 followed by the # sign.

If you desire to oppose the Motion, you must file with this court a written objection to the Motion on or before the objection deadline stated above and serve a copy upon movant's attorney, whose address is listed below.

If you file an objection, you are required to comply with L.B.R. 4001-1 regarding hearing procedures, including (i) the timely submission and exchange of witness lists and exhibits and (ii) attendance at the above-scheduled hearing in person or through counsel, if represented.

If you fail to file an objection, the scheduled hearing will be vacated, and an order granting the relief requested may be granted without further notice to you.

### Part 3  Signature of Movant's Attorney or Movant (if unrepresented)

Dated: June 24, 2020

By:  /s/ L. Bryant Jaquez _____
     Signature

Bar Number (if applicable):  CA 252125_____
Mailing Address:  1920 Old Tustin Ave._____
Telephone number:  (949) 427-2010_____
Facsimile number:  (949) 427-2732_____
E-mail address: bknotifications@ghidottiberger.com

L.B.F. 4001-1.1 (12/17)                                                                                              Page 1

**Local Bankruptcy Form 4001-1.3**
**Order on Motion for Relief from Stay**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

Alan Bailey Rose,
Robert Cruz Baker Rose,

Debtors.

Bankruptcy Case No.  **20-11106-KHT**

Chapter  **7**

### ORDER ON MOTION FOR RELIEF FROM STAY

_Carvana, LLC_, (the "Movant") has filed herein a motion for relief from stay.

(1) ☒ to foreclose on and/or take possession and control of property described as follows: _2010 FORD FUSION HY VIN# 3FADP0L39AR149498_ _____ [description].

(2) ☐ to proceed with the liquidation of claims involving the debtor or the debtor's estate pursuant to certain proceedings presently pending in: _____ [description].

(3) ☐ other: _____ [description].

The Court, being duly advised, and any objections having been resolved, withdrawn, or overruled, hereby orders that the relief sought by the motion should be granted, and Movant is hereby granted relief from stay in order to proceed to take possession of, by way of the appointment of a receiver and otherwise, and to foreclose on the collateral above described, or if applicable, to proceed with the above described litigation (but not to seek to enforce any judgment Movant may obtain against the debtor personally or the debtor's post-petition property.)  If applicable, the chapter 13 trustee will make no more distributions on Movant's secured claim.

The Court further orders that the 14-day stay under F.R.B.P. 4001(a)(3) ☐ is/ ☐ is not waived.

DATED _____

BY THE COURT:

_____

United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

On June 24, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
David Volk    davidv@coloradobankruptcyrelief.com

TRUSTEE
Kevin P. Kubie    Co28@ecfcbis.com

US TRUSTEE
US Trustee    USTPRegion19.DV.ECF@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll

On June 24, 2020, I served the foregoing documents described as Motion for Relief on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

| | |
|---|---|
| Debtors<br>Alan Bailey Rose<br>1348 Wabash Ave.<br>Pueblo, CO 81004<br><br>Robert Cruz Baker Rose<br>1348 Wabash Ave.<br>Pueblo, CO 81004 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Brandy Carroll
Brandy Carroll